QUINN v. THE CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY.

1. **Nuisance**: PERCOLATION OF WATER FROM ADJOINING LOT: ACTION FOR RESULTING DAMAGES. Where one, through some unlawful or unreasonable use or sufferance, allows water to collect upon his lot, and by percolation through the soil it reaches his neighbor's property and renders it less valuable, he becomes liable to the latter for the damages sustained by him on account thereof.

2. ———: DAMAGES FOR LIMITED TO TIME OF EXISTENCE. The right to recover for the diminution of the value of the use of one's premises, on account of a nuisance permitted on an adjoining lot, must be limited to the time during which the nuisance has existed, as shown by the evidence.

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 25.

ACTION for damages alleged to have been sustained by reason of a nuisance caused by an excavation in the earth, and by water collecting and standing therein. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Parsons & Runnells*, for appellant.

*Henry S. Wilcox*, for appellee.

ADAMS, J.—The plaintiff owns and resides upon a certain lot in the city of Des Moines. The defendant owns a lot adjoining. In the construction of its road, earth was taken from its lot, and a large excavation made. Water collected and stood therein and, according to the evidence, rendered the plaintiff's premises less desirable as a residence, and caused some permanent damages to the plaintiff's cellar walls, and to the foundation of her house.

I. The defendant asked the court to instruct the jury in these words: "You are instructed that no damages can be recovered by the plaintiff, except such as resulted from the fact that the excavation made by the defendant upon its lot was, at the time of such damage, a public nuisance; and any damage caused to the property of the plaintiff by the mere fact that the excavation contained water, which undermined the plaintiff's house, should not be considered by you in estimating the damages which she is entitled to recover." The court refused to so instruct, and the refusal is assigned as error.

The instruction is not entirely clear; but, as we understand it, it would, if given, have excluded all damages sustained from the undermining of the house. The evidence shows that such damages, if any, resulted from water percolating through

<span style="font-variant: small-caps">1. WATER:</span> percolation of from adjoining lot: action for resulting damages.

the soil. The rule is well settled that no action can be maintained for the diversion of percolating water, where the act of diversion is done by the owner of the premises where done, and is done in good faith. But the injury complained of in this case did not arise from the diversion of percolating water from where it was wanted, as from a well or spring, but from so collecting water that it reached by percolation to where it was not wanted, to-wit, to a cellar, and to the foundation walls of a house. Our attention has been called to no case where the precise question presented has been decided. On principle, it would seem that the plaintiff ought not to recover for such damages, if they resulted from the lawful and reasonable use by the defendant of its own lot.

How far the plaintiff's house was from the line between her lot and the defendant's does not appear. But the evidence shows that it was near. It shows that it was only four feet between the house and the excavation. If the distance between the house and the line was not such as to afford immunity against water percolating from the defendant's lot, it was the fault of the person who built the house, unless the water was collected and suffered to stand on the defendant's lot through some unlawful or unreasonable use or sufferance. Such use or sufferance the owner of the injured premises was not, we think, bound to anticipate, and consequently was not bound to provide against. It is true that there was no necessary connection between the condition of the water which made it a nuisance, if it was such and the injury sustained from the undermining of the house; yet it cannot be denied that the length of time during which the water was allowed to stand was, among other things, the cause of both. It is to be observed, also, that during the continuance of the nuisance the defendant was without excuse in suffering the water to remain. The defendant was under constant obligation to remove it, and the plaintiff had reason to suppose that it would remove it. During that time it was not for the defendant to say that the injury being sustained by the plaint-

iff was not actionable, because merely incidental to the exercise by the defendant of its own rights.

While we think that the instruction asked went too far, and was properly refused, the court should, we think, have submitted the question as to whether the defendant became guilty of a nuisance as alleged in the petition, and should have instructed the jury that, in case they so found, they might allow the plaintiff for such injury as her premises sustained from the percolation of water from the excavation after the same became, and while it remained, a nuisance.

II. The court allowed the plaintiff to introduce evidence to the effect that she and her family suffered great discomfort from the offensive condition of the water collected on the defendant's lot, and that the rental value of the premises was reduced from nine dollars a month to nothing. The court gave an instruction in these words: "Your inquiry will be from March 27, 1880, to June 13, 1882." As to what the court meant, we are somewhat uncertain. As to the date of March 27, 1880, we have to say that we see nothing in the evidence respecting it. Besides, it is shown affirmatively that the plaintiff moved upon the premises after that date, to-wit, in April of that year; and, what is more, the evidence shows that no trouble was experienced from the water until several months later. It is true, the plaintiff took an assignment from her grantor of his claim for damages, but the evidence fails to show that he sustained any. The plaintiff's right of recovery for diminution in the value of the use of the premises should have been limited to the time during which it was proven that the nuisance existed. In the instruction given, it appears to us that the court erred.

2. NUISANCE: damages for limited to time of existence.

REVERSED.