[Civ. No. 912. Second Appellate District.—February 14, 1911.]

T. M. STEWART, Appellant, v. W. D. BIRCHFIELD, Respondent.

Action for Injury to Land—Clearing of Brush by Adjoining Owner—Blowing of Sand by Wind—Failure to Irrigate—Insufficient Complaint.—A complaint in an action for damages for injury to plaintiff's land, alleged to have resulted from the clearing of brush on defendant's land and the failure to irrigate the same, whereby the wind blew the sand from the same onto plaintiff's land, to his damage, does not state a cause of action, and a general demurrer thereto was properly sustained.

Id.—Rights of Defendant as Owner of Land—Nonresponsibility.— The defendant had the right, as incident to his ownership of the land, to remove the brush or trees growing thereon; and unless he was guilty of some negligence in removing the same, he would not be responsible in damages to the plaintiff. He had the right not only to clear his land, but also to leave it unirrigated thereafter, even though his failure to irrigate it might have produced the damage of which the plaintiff complains.

ID.—INEVITABLE LOSS TO ADJOINING OWNER NOT NEGLIGENCE.—It is
not necessarily negligence for a land owner to make such use of
his land as inevitably produces loss to his neighbor. He may
willfully adopt such a course, and yet not be a wrongdoer. Much
less is he liable for unintentionally doing that which he has the
right to do intentionally.

ID.—JURISDICTION OF SUPERIOR COURT—CLAIM OF DAMAGES LESS THAN
$300—JUDGMENT AFFIRMED UPON MERITS.—It is held, as the opinion
of this court, that the superior court had no jurisdiction of an action
for damages for injury by defendant to plaintiff's land in a less sum
than $300; but that, as the supreme court had refused to dismiss the
appeal on that ground, the appeal is determined upon the merits, and
the judgment of dismissal, after demurrer sustained for insufficiency
of complaint, will be affirmed.

APPEAL from a judgment of the Superior Court of
Imperial County. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Paul Stewart, for Appellant.

Shaw & Dyke, for Respondent.

JAMES, J.—A demurrer to plaintiff's complaint was sus-
tained by the superior court, and plaintiff declining to
amend, a judgment dismissing the action was thereafter en-
tered, from which plaintiff appeals.

The action was brought to recover the sum of $250 as
damages, alleged to have been suffered by plaintiff through
the negligent act of defendant. In the complaint it was set
out that plaintiff was the owner of certain real property in
the county of Imperial, and that defendant was the owner
of land contiguous thereto. The plaintiff then proceeded to
allege as follows: "That it is a well-known fact that in
Imperial county strong winds prevail from a westerly to an
easterly direction; that it is a well-known fact that in said
Imperial county, and more particularly in the vicinity where
said lands of plaintiff and defendant are situated, when
land is cleared of brush and leveled and left in that condi-
tion without irrigation, sand and soil, because of the action
of the winds aforesaid upon the land so cleared, leveled and
exposed and loosened, are blown from land so cleared, leveled

and left unirrigated, to and upon adjacent lands; that the sand and soil so blown is apt to cause, and often does cause, large mounds of sand and soil to form on cultivated portions of land adjoining. That on or about the month of April, 1908, the defendant removed, or caused to be removed, all brush from, and leveled or caused to be leveled, that portion of his said land above described, which lies immediately to the westward of and adjoining the land of the plaintiff; that after said brush had been removed and said land had been leveled as aforesaid, the defendant did leave his said land wholly unirrigated and uncared for; . . . defendant left his said land wholly unirrigated and uncared for after the same had been cleared of brush and leveled as aforesaid, and thereby large quantities of sand and soil were permitted to blow over, on and upon, and did blow over, on and upon the said land of the plaintiff, and thus caused large mounds of sand and soil to be erected on and upon the strip of land of the plaintiff aforesaid, all of which is to the great injury of the plaintiff's land to the damage of the plaintiff.''

By the demurrer of defendant it was first objected that the complaint of plaintiff did not state facts sufficient to constitute a cause of action. Several other grounds of special demurrer were also assigned therein, which it will be unnecessary to take notice of.

We are of the opinion that the facts stated in the complaint were not sufficient to constitute a cause of action, and that the demurrer was properly sustained for that reason alone. It is not alleged in the complaint that defendant used his property in any manner other than such as he had a right to use it, and no negligence is charged sufficient to create any responsibility on the part of the defendant for damages which might have resulted from any act committed by him. Briefly stated, it is simply alleged by plaintiff that the defendant cleared his land of the brush which was growing upon it, and that the wind thereafter blew some of the sand or soil therefrom on to the land of plaintiff, which would not have been so carried on to plaintiff's ground had the brush been allowed to there remain, or had defendant after clearing the ground irrigated it. If the defendant had the right to remove brush or trees growing upon his property, which right he undoubtedly possessed as an incident to the ownership of

the ground, then, unless he was guilty of some negligent act while removing the same, he would not be responsible in damages to plaintiff. He had the right not only to clear his ground, but to leave it unirrigated, if he saw fit, thereafter, even though his failure to so irrigate it might have produced the damage of which plaintiff complains. "Every man may use his own land for all lawful purposes to which such lands are usually applied, without being answerable for the consequences, provided he exercises ordinary care and skill to prevent any unnecessary injury to the adjacent land owner. It is not, therefore, necessarily negligence on the part of a land owner to make a use of his land which inevitably produces loss to his neighbor; for as he may willfully adopt such a course, and yet not be a wrongdoer, much less is he liable for unintentionally doing that which he has a right to do intentionally." (Shearman & Redfield on Negligence, sec. 700. See, also, Barrows on Negligence, sec. 115; *Phelps* v. *Nowlen,* 72 N. Y. 39, [28 Am. Rep. 93]; *Middlesex* v. *McCue,* 149 Mass. 103, [14 Am. St. Rep. 402, 21 N. E. 230]; *Pennsylvania Coal Co.* v. *Sanderson,* 113 Pa. 126, [57 Am. Rep. 445, 6 Atl. 453]; *Brown* v. *McAllister,* 39 Cal. 573; Tiffany on Real Property, sec. 295.)

The point is made by respondent that, as the action is one for damages in the sum of $250, it was not within the jurisdiction of the superior court. It was appellant's contention, however, that an issue was raised involving the question of title or right to the possession of real property, and, therefore, that the action was properly brought in the superior court. We are of the opinion that the objection of respondent to the jurisdiction of the court is well taken, but as a motion to dismiss this appeal, based on that ground, was heretofore made and denied in the supreme court, we have treated the case as having been properly brought in the court in which it was entitled and considered the appeal upon its merits.

The judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.