(January 15, 1927.)

GEORGE GORDON, G. E. HAMMER, W. J. RISNER and S. P. DeFREECE, Respondents, v. SUNSHINE MINING COMPANY, a Corporation, Appellant.

[252 Pac. 870.]

APPEAL AND ERROR—FINDING ON CONFLICTING EVIDENCE—PROVINCE OF APPELLATE COURT — ALLEGED EXCESSIVE VERDICT — SHOWING REQUIRED.

1. Under C. S., sec. 7170, prohibiting disturbing on appeal a verdict supported by substantial evidence, weighing evidence by determining that it should not be believed is not within province of appellate court.

2. In order that verdict may be held to be excessive and the result of bias and prejudice, this fact must be made clearly to appear from the evidence.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. Albert H. Featherstone, Judge.

Action for damages. Judgment for plaintiffs. *Affirmed.*

Walter H. Hanson, for Appellant.

Where a verdict is without any substantial support in the evidence it should be set aside. (*Studebaker Bros. v. Harbert*, 35 Ida. 490, 207 Pac. 587; *Jones v. Bartlett*, 36 Ida. 433, 211 Pac. 555; *Nelson v. Interm. Farmers Equity*, 36 Ida. 518, 211 Pac. 550; *Rippetoe v. Feely*, 20 Ida. 619, 119 Pac. 465.)

Publisher's Note.
1. See 2 R. C. L. 194.
2. See 2 R. C. L. 199.

See Appeal and Error, 4 C. J., sec. 2838, p. 862, n. 25; p. 863, n. 31.

John P. Gray and James A. Wayne, for Respondents.

Instruction No. 3 is identical in language with an instruction given in *Page v. Savage,* approved by this court in that case (42 Ida. 458, 246 Pac. 304).

An assignment that "the verdict and judgment are not supported by the evidence, but are contrary to the law and the evidence," is insufficient and will not be considered by this court. (*Morton Realty Co. v. Big Bend Irr. Co.,* 37 Ida. 311, 218 Pac. 433; *Choate v. North Fork Highway Dist.,* 39 Ida. 483, 228 Pac. 885; *Hill v. Porter,* 38 Ida. 574, 223 Pac. 538.)

The assignment is not in any respect supported by any specification of particulars. (*McDonald v. North River Ins. Co.,* 36 Ida. 638, 213 Pac. 349.)

An assignment that the verdict of the jury is excessive is too general for consideration. (*St. Louis Southwestern Ry. Co. v. Anderson* (Tex. Civ. App.), 206 S. W. 696; *Andrews v. Wilding* (Tex. Civ. App.), 193 S. W. 192.)

TAYLOR, J.—This is an appeal from a judgment for damages suffered by reason of an alleged breach of a contract of lease under which plaintiffs were operating in taking out ore from premises held by defendant. A motion to dismiss the appeal has been considered, and is denied.

Appellant specifies as error: (1) That the verdict and judgment are not supported by, and are contrary to, the evidence; (2) that the damages are excessive and the result of bias and prejudice and gross overestimate; (3) error in the giving of two instructions.

[1] The specification that the verdict and judgment are not supported by, and are contrary to, the evidence has been held in many cases to be insufficient as a specification. However, no assignment or specification is made of error in the admission of the evidence complained of, but we are asked to weigh it, appellant especially contending the evidence of damage is "so unreasonable and opposed to common experience" that "if it were in no way contradicted . . . . it would not support any verdict or judgment." The gist of

this objection is that this evidence should not be believed. This calls for a weighing of all of the evidence of damage. This was distinctly the province of the jury, and they having found upon conflicting evidence, and there being substantial evidence to support the verdict, it will not be set aside. (C. S., sec. 7170.)

The instructions complained of are but excerpts of parts of complete instructions. One is a part of an instruction which was approved as a whole in *Page v. Savage,* 42 Ida. 458, 246 Pac. 304. The other was not so wholly unrelated to the evidence and issues as to be improper, and could not in any event have prejudiced a substantial right of the defendant.

[2] In order that a verdict may be held to be excessive and the result of bias and prejudice, this fact must be made clearly to appear from the evidence. No such showing appears here.

We find no reversible error. The judgment is affirmed. Costs to respondents.

Wm. E. Lee, C. J., and .Budge, Givens and T. Bailey Lee, JJ., concur.