## HOOVER v. HORTON.
### No. 5834.

Court of Civil Appeals of Texas. Amarillo.

Jan. 5, 1948.

Rehearing Denied Feb. 23, 1948.

648

James W. Witherspoon, of Hereford, for appellant.

W. H. Russell and O. L. Bybee, both of Hereford, for appellee.

LUMPKIN, Justice.

This appeal is from an order of the court sustaining appellee's plea of privilege to be sued in Lubbock County, the county of his domicile, rather than in Deaf Smith County, where, the appellant contends, venue is fixed by Article 1995, Subdivisions 9 and 14, Vernon's Annotated Civil Statutes.

The appellant, Charlie Hoover, and the appellee, G. K. Horton, operate neighboring farms in Deaf Smith County. Alleging damages in the amount of $1,546 to his growing crops, fences, and land by reason of the manner in which appellee had plowed his farm, the appellant instituted this action in the District Court of Deaf Smith County.

From the record it appears that most of the land farmed by the appellee was located to the south and west of that owned or leased by the appellant. The appel-lant pleaded that under the law the appellee had the duty to care for his land in accordance with good farming methods as practiced in Deaf Smith County; that notwithstanding his obligation to cultivate his land in a manner which would prevent its blowing, the appellee, during the years 1945, 1946, and 1947, failed and refused to farm and care for his land properly; and that during these years he plowed his land with a plow known as a one-way in such a manner as to cause the topsoil to be carried by the south and west winds over to the appellant's place and there cover his fence rows, crops, and land. The appellant alleged that the appellee was negligent in a number of particulars: by affirmatively plowing his land with a one-way; by not plowing his land deep enough in the late summer and fall of the years 1945 and 1946; by failing to plow to the top of the ground clods of subsoil which would not blow; by waiting until December and even Christmas Eve Day to plant wheat; and in general by failing to farm his land in such a manner as to prevent the blowing of the topsoil. The appellant alleged that, as a result of appellee's topsoil blowing and subsequently covering his fence rows, crops, and land, he suffered damages in the amount of $1,546.

To appellant's petition appellee duly filed a plea of privilege to be sued in Lubbock County. In order to sustain venue by showing a trespass within the meaning of Subdivision 9, Article 1995, and damages to land as provided in Subdivision 14, the appellant filed a controverting plea in which the various acts of negligence, together with the allegations concerning damages to appellant's land as set forth in the original petition, were repeated. As a result of the hearing before the court without a jury, the appellee's plea was sustained. To this ruling of the court the appellant duly excepted and has perfected his appeal to this court.

The appellant attacks the court's judgment in three points of error which resolve themselves into two contentions: First, the court erred in sustaining the appellee's plea of privilege because this case involves damages to land located in Deaf Smith County, and thus venue is fixed in

that county by Subdivision 14 of the venue statute; second, in sustaining the appellee's plea of privilege, the trial court erred for the reason that the damages suffered by the appellant were the results of a trespass committed by appellee in Deaf Smith County, and therefore venue is properly placed in that county by Subdivision 9 of Article 1995.

■ The requisites of a plea of privilege are set forth in Rule 86 as amended, Texas Rules of Civil Procedure. Under this rule a plea of privilege is prima facie proof of the appellee's right to a change of venue unless the appellant shall "file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending." As against the appellee's plea of privilege, the burden is upon the appellant to plead as well as to prove the facts necessary to confer venue on the District Court of Deaf Smith County. Thus the nature of appellant's cause of action must be determined from the averments of his petition, which fixes this action as one to recover damages allegedly done to fences, crops, and land. Such an action is one to recover damages to land as contemplated by Subdivision 14 of the venue statute. The nature of the action being shown by the petition, it becomes the appellant's burden to prove affirmatively that the lands involved are in truth located in Deaf Smith County, that the acts complained of were of such a nature as to make a prima facie case of damages, and that such acts, if any, were committed by the appellee or under his authority. Sims v. Trinity Farm Const. Co., Tex.Civ.App., 28 S.W.2d 856; Fordyce Gravel Co. v. Springs, Tex.Civ.App., 79 S.W.2d 1111. In this case the record reveals that the parties agreed that all the lands described in the appellant's original petition are located within the boundaries of Deaf Smith County. To prove the remaining requisites of venue, the only witness was the appellant himself. He stated that during the years 1945, 1946, and 1947, the appellee cultivated his land with a type of plow known as a one-way. This method of plowing had the effect of breaking the surface of the ground, leaving the topsoil in such a condition that it was carried by the south and west winds of the months of January, February, and March from the appellee's land over to the appellant's farms and there covered fences, living crops, and land. The appellant stated that the appellee was negligent and dilatory in the manner in which he sowed his wheat and other crops. The proper and timely planting of these crops would, he asserted, have prevented a large measure of the wind erosion suffered by appellee's land. We consider it a fair summary of appellant's testimony to say that he did not approve of the farming methods of appellee and considered them to be contrary to the accepted methods of good farming. The appellant admitted that other land operators whom he considered good farmers also on occasions use a one-way plow under circumstances similar to those of the appellee, that he himself owns such a plow, that there is a difference of opinion among farmers as to the proper use of a one-way plow, and that the soil erosion complained of was partially the result of very high winds.

■ It is a settled principle of law that every person may use his property as he will, provided he uses it in such a way as not to injure others. However, this rule is not so severe as to forbid any and all uses of property which may cause loss, damage, or inconvenience to the owner's neighbor. Every person is entitled to make a reasonable use of his property. This rule, however, must be modified by saying that no one may make an unreasonable use of his premises to the material injury of his neighbors' premises, the test being not whether the injury was the natural consequence, or whether the act is in the nature of a nuisance, "but the inquiry is, was the act or use a reasonable exercise of the dominion which the owner of property has by virtue of his ownership over his property? having regard to all interests affected, his own and those of his neighbors, and having in view, also, public policy." Booth v. Rome, W. & O. T. R. Co., 740 N.Y. 267, 35 N.E. 592, 595, 24 L.R.A. 105, 37 Am.St.Rep. 552; Cason v. Florida Power Co., 74 Fla. 1, 76 So. 535, L.R.A.1918A, 1034.

Certainly the appellee had the right to plow and cultivate his land in any manner he saw fit, provided such a method of farming was a reasonable one. The question, to be determined here is not whether the plowing was shallow or deep, not what he planted nor when, but whether, under all the circumstances, the use of his land was such as an ordinary man would make of his premises, taking into consideration the importance of the use to the owner as well as the extent of the damages to be inflicted upon his neighbor. Page et al. v. Brooks, 79 N.H. 70, 104 A. 786. When the appellee's plea of privilege to be sued in the county of his domicile was filed, the burden was placed upon the appellant not only to allege in the controverting plea but to prove, by affirmative evidence on the hearing, facts which would bring this action within Subdivision 14 of the venue statute. Although the appellant pleaded various acts of negligence on the part of appellee, we find no allegations that the appellee's use of the land was unreasonable. However, be that as it may, the testimony coming from the appellant—the plaintiff herein—wholly fails to prove affirmatively that the acts complained of were of such a nature as to make out a prima facie case for damages to land. In our opinion the evidence was not of sufficient probative force to warrant the trial court in overruling the appellee's plea of privilege, and for the reasons stated the appellant's points of error in this connection are overruled. Stewart v. Birchfield, 15 Cal.App. 378, 114 P. 999; Quinn v. Chicago, B. & Q. R. Co., 63 Iowa 510, 19 N.W. 336; Gulf, C. & S. F. Ry. Co. v. Oakes, 94 Tex. 155, 58 S.W. 999, 52 L.R.A. 293, 86 Am.St.Rep. 835.

We now come to the second of appellant's contentions, i. e., that by reason of the damages suffered by appellant as a result of appellee's trespass, Subdivision 9 of the statute fixes the venue in Deaf Smith County. As an exception to the general statute placing venue in the county of defendant's domicile, Article 1995, Subdivision 9, states: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed * * *."

The appellant in his pleadings as well as in his controverting plea alleges various acts of negligence on the part of the appellee. These acts, the appellant contends, are affirmative in nature, rather than acts of omission. The appellee's method of farming created a "blow hazard" and was an affirmative act of negligence which caused the damages to appellant's fences, crops, and land. In our opinion the recent Supreme Court case of Barron et al. v. James, 198 S.W.2d 256, applies to the question we have here. In that case the Supreme Court laid down the rule that unless there is evidence tending to prove affirmative acts of negligence on the part of the appellee, as distinguished from an omission to perform a duty, trespass is not proved and venue remains in the county of appellee's domicile. Negligence is defined as involving a failure of duty. It consists of acts or omissions. If the duty is breached by an act of negligence, affirmative in character, a trespass may exist; if the breach is negative, a trespass does not exist. The appellant testified that the appellee failed to control the blowing of the topsoil by proper farming methods; that appellee's failure to plant his wheat at the proper time was the cause of the topsoil blowing; and that in the fall of 1946 the appellee failed to plow deeply enough, plowing only one and one-half inches deep as against the six or seven inches plowed by appellant. These various failures on the part of appellee constitute a breach of duty, if any—an omission to do that which it was his duty to do. Thus, in our opinion, the appellant has not discharged the burden placed on him of showing affirmatively that the appellee was guilty of a trespass, and that therefore the trial court did not err in sustaining the appellee's plea of privilege to be sued in Lubbock County, the county of his domicile. Metzger Dairies v. Wharton, Tex.Civ.App., 113 S.W.2d 675; Jackson v. McClendon, Chief Justice, et al., 143 Tex. 577, 187 S.W.2d 374.

We have carefully reviewed all the points of error raised by the appellant. Finding no error, we affirm the judgment of the court below.