214 P.2d 464

**MACOMB et al. v. EXTENSION DITCH CO. et al.**

No. 7561.

Supreme Court of Idaho.

Feb. 1, 1950.

Herman Welker, Payette, Vernon Daniel, Payette, for appellants.

Donart & Donart, Weiser, Frank D. Ryan, Weiser, for respondents.

PORTER, Justice.

Respondents own a farm lying adjacent to Crystal Lake in Washington County. Crystal Lake is sometimes known as Buttermilk Slough. It is a natural lake formed by underground waters, seepage, waste waters and flood waters from Snake River. Its outlet, known as Little Buttermilk Slough, is a watercourse two and one-half miles in length which empties into Snake River.

The Lower Payette Ditch Company and appellants divert water from Payette River at a common headgate into what is known as the Lower Payette Ditch Company Canal. The water for the appellants flows through this canal and is delivered into the canal of the Extension Ditch Company. In turn, the water belonging to the Second Extension Ditch Company is delivered into its canal through the canal of the Extension Ditch Company. The three canals, so operated, constitute one continuous canal leading from the headgate on Payette River to the northerly end of said canal near the Weiser River.

Each of appellants has a waste ditch to take care of its waste and excess water. The waste ditch of the Extension Ditch Company empties into Crystal Lake. The waste ditch of the Second Extension Ditch Company empties into Little Buttermilk Slough a short distance from Crystal Lake. Large bodies of waste water are, at times, discharged through these waste ditches, sometimes being in excess of twenty-five hundred inches in volume. When not needed by reason of rain or otherwise, the Second Extension Ditch Company, at times, shuts off its water and the Extension Ditch Company spills the excess water through its waste ditch.

Some twelve years ago, the Extension Ditch Company installed an artificial spillway from Crystal Lake into Snake River at a point where the lake approaches within one-fourth mile of the river. This spill-

way is used as an additional outlet for drawing off the excess water from Crystal Lake. In times of flood, Snake River waters will back up this artificial outlet and spill into Crystal Lake.

In the years 1947 and 1948, Crystal Lake overflowed its banks and flooded a portion of the lands of respondents, damaging the crops thereon. Respondents brought this action to recover for the damages to their crops and for an injunction restraining appellants from dumping their waste water into Crystal Lake in such volume as to cause it to overflow its banks and flood the lands of respondents.

Appellants, by their answer, allege a prescriptive right to dump waters into Crystal Lake; that if any damage was done to respondents' crops, it was the result of the flood waters of Snake River; and that the lands of respondents which were flooded were, in fact, a part of the bed of Crystal Lake.

The cause was tried to a jury, the court reserving the equitable issues of the case for decision by the court. The jury returned a general verdict in favor of respondents in the sum of $883.00. Whereupon, the court made and filed findings of fact and conclusions of law and therein adopted the verdict of the jury as one of its findings of fact. The court entered judgment for the sum of $883.00 and costs against appellants and granted the injunctive relief prayed for by respondents. A motion for new trial was made by appellants on the ground of the insufficiency of the evidence. The motion was denied. From such judgment and order denying the motion for new trial, respondents have appealed to this court. No objection as to the propriety of the procedure adopted by the trial court was made in the lower court, nor is such objection urged here.

Appellants' first specification of error is that the trial court erred in overruling their objections to the introduction of any evidence on the ground that the complaint did not state facts sufficient to constitute a cause of action against appellants as it did not contain any allegation charging negligence on the part of appellants. It is true that the complaint does not use the term "negligence" nor the term "negligently." However, the complaint alleges that appellants failed to keep Little Buttermilk Slough cleaned out and permitted the same to fill with silt and other obstructions to the extent that the waste water dumped therein ran back into Crystal Lake; that by appellants' failure to clean the natural outlet and the height at which the flashboards in the artificial spillway were maintained, the waters in Crystal Lake were raised to an excessive level and flooded the lands of respondents; and that appellants continued to dump large quantities of water into Crystal Lake with knowledge that the lands of respondents were being flooded.

The complaint sets out the ultimate facts constituting negligence. It is not essential that the complaint should also set out the

conclusion of negligence. Stearns v. Graves, 61 Idaho 232, 99 P.2d 955; Hurlbut v. Quigley, 180 Cal. 265, 180 P. 613; Foley v. Cowan, 80 Cal.App.2d 70, 181 P. 2d 410.

By specification of error No. II, appellants complain of the trial court's instruction No. 10 reading as follows: "You are instructed that even though you find from the evidence that the defendants had a right to discharge waste water into Buttermilk Slough, if they knew or by the use of ordinary diligence should have known that the water in Snake River was so high that water could not escape from Buttermilk Slough and if with such knowledge they turned waste waters into Buttermilk Slough in such amount as to cause the waters of Buttermilk Slough to overflow the plaintiffs' lands, they would be liable to the plaintiffs for the injury caused thereby."

Appellants complain that this instruction makes appellants liable for damages for an act which is not the proximate cause of the damage, the damage being caused by floods from Snake River. This instruction is not open to the construction for which appellants contend.

By specification of error No. III, appellants contend that instruction No. 10 is erroneous as it informs the jury that the defendants would be liable even though they had a prescriptive right to flow the waters over and upon the lands of the respondents through well defined depressions and swales. Instruction No. 10 must be read in connection with instruction No. 9, which is as follows: "You are instructed that an easement for the purpose of drainage across the land of another may be acquired by prescription. Therefore if you find from the evidence presented in this case that the waste and surplus water of the defendants has been drained on, over or through a natural depression, basin or swale upon the plaintiffs' land for over a period of five years, openly, continuously and adversely, then, and in that event, you are instructed to find that the defendants have an easement over the plaintiffs' land through that depression or swale for the drainage of their waste water and are not liable for any damages to lands so flooded upon this natural depression, basin or swale."

When taken together, the two instructions adequately set out and limit the extent of the liability, if any, of appellants.

By specification of error No. VI, appellants allege that the trial court erred in giving a joint judgment against appellants because it does not appear that they were joint tort-feasors. Appellants were operating a canal system common in part to both. They had a common plan for the disposal of the excess and waste water, although they used separate waste ditches. They used a common waste basin. They had a common duty not to dump an amount of water into Crystal Lake which would cause it to overflow its banks. The dam-

age resulted from the concurrent acts of negligence of appellants. The damage was indivisible. There was no separate and distinct injury by each appellant. Appellants were joint tort-feasors. Bailey v. Idaho Irr. Co., Ltd., 39 Idaho 354, 227 P. 1055; Griffin v. Clark, 55 Idaho 364, 42 P.2d 297; Bunker Hill & Sullivan Mining & Concentrating Co. v. Polak, 9 Cir., 7 F.2d 583; Alabama Power Co. v. Talmadge, 207 Ala. 86, 93 So. 548.

The case of Verheyen v. Dewey, 27 Idaho 1, 146 P. 1116, relied upon in part by appellants, is not in point. The instant case is not one where two or more parties, each acting for himself, commit independent and unrelated torts, the consequences of which unite in causing damage.

The remaining specifications of error assert the insufficiency of the evidence to sustain the verdict of the jury, the findings of fact and judgment of the court. The verdict of the jury, the findings of fact and judgment appear from an examination of the transcript, to be sustained by competent and substantial evidence. Under our well-established rule, they will not be disturbed by this court.

The judgment of the trial court is affirmed. Costs awarded to respondents.

HOLDEN, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.