232 P.2d 668

**CHAPMAN v. BOOTH.**

No. 7690.

Supreme Court of Idaho.

· May 16, 1951.

Rehearing Denied June 25, 1951.

· E. G. Elliott, W. A. Johnston, Boise, for appellant.

360

Charles F. Reddoch, Charles S. Stout, Boise, for respondent.

**TAYLOR, Justice.**

In her complaint the plaintiff alleges that between October 1, 1944, and January 20, 1949, after deducting periods of time involved in occasional absences of the deceased from her home, she furnished to the deceased, Harry Gaddis, for a period of time aggregating 39 months, board of the reasonable value of $30 per month, and did his washing and ironing of the reasonable value of $5 per month, furnished him a room of the reasonable value of $20 per month, upon which one month's rent remained unpaid, and furnished a garage for the storage of his automobile of the reasonable value of $5 per month for a period of nine months. The complaint further alleges the death of the recipient on January 20, 1949, the appointment of the defendant as administrator of his estate, the filing of the claim for the services alleged, and the rejection thereof by the administrator and the probate court, excepting the item of $20 room rent, which was allowed. The prayer is for $1430. The answer denies the allegations as to all of the items except the one for $20, and admits the filing and rejection of the claim.

Upon the trial the jury returned a verdict in favor of plaintiff for $1250, upon which judgment was entered.

The appellant sets forth in his brief five assignments of error, all of which raise only one question, namely the sufficiency of the evidence to support the verdict and judgment.

The plaintiff testified as to the value of the board and washing as follows:

"Q. What, in your judgment, was his board reasonably worth? A. Well, I figured $1.00 was as little as anybody could board him for.

"Q. And what, in your judgment, was the washing worth a month when you did it? A. I figured $5.00 a month."

As a general rule the owner of property or the one who furnishes services may testify as to its value. 32 C.J.S., Evi-

dence, § 545, b(2), e(3), and f(3); Hubbard v. Ball, 59 Idaho 78, 81 P.2d 73.

This testimony leaves much to be desired. Under the circumstances it was for the jury to construe it and apply it to the other facts and circumstances appearing in the evidence. It does not appear from the verdict that the jury was misled. As to the storage of the automobile, the plaintiff testified to an express agreement between herself and the deceased.

■ The plaintiff and the deceased were not relatives. No express agreement to pay for board or washing and ironing is shown. Under such circumstances an agreement to pay the reasonable value of such services is implied. Hartley v. Bohrer, 52 Idaho 72, 11 P.2d 616; 17 C.J.S., Contracts, § 4–b; 12 Am.Jur., Contracts, §§ 4 and 5.

■ The principal conflict in the testimony is concerned with the time during which the board and other services were furnished. The plaintiff and her witnesses testify to periods during the four years involved totaling 39 months, and the defendant's witnesses testify to periods during the same four years when the deceased was employed and living away from the plaintiff's home. Most of the periods of absence are the same in the evidence of both parties. As to others there is conflict and uncertainty. However, the evidence to sustain the verdict is ample and substantial. The jury's conclusion thereon will not be disturbed. Sec. 13–219, I.C.; Bates v. Siebrand, Idaho, 231 P.2d 747; Holland v. Beames, Idaho, 231 P.2d 741.

■ On the argument appellant urged the incompetency of the plaintiff as a witness under section 9–202(3), I.C. This proposition is not covered by any assignment, citation of authorities, or argument in the brief. Moreover, the objection to the competency of such a witness, and the protection of the statute, may be waived by the administrator. Hartley v. Bohrer, 52 Idaho 72, 11 P.2d 616; 107 A.L.R. 487n; Kinley v. Largent, 187 Cal. 71, 200 P. 937; Deacon v. Bryans, 212 Cal. 87, 298 P. 30; Lohman v. Lohman, 29 Cal.2d 144, 173 P.2d 657.

■■ In this case the appellant waived the benefit of the statute, by failing to object to the testimony of the plaintiff on that ground in the trial court. The fact is, no objection was made by appellant to any testimony given by the plaintiff upon any ground whatsoever. Appellant also waived the statute by extensively cross-examining the plaintiff on testimony which could have been excluded by objection to her competency. Hartley v. Bohrer, supra.

Judgment affirmed with costs to respondent.

GIVENS, C. J., and PORTER, THOMAS and KEETON, JJ., concur.