295 P.2d 272

Cline PRESTON, Plaintiff-Appellant,

v.

Ivan SCHRENK, Defendant-Respondent.

No. 8176.

Supreme Court of Idaho.

March 27, 1956.

Lowe & Lowe and Thomas H. Church, Burley, for appellant.

Black, Black & Oliver, Pocatello, for respondent.

PORTER, Justice.

By his complaint, appellant alleged generally as follows: That he is the owner of a section of land in the Cottrell community in Cassia County. That respondent is the owner of the land lying immediately west and adjacent to appellant's land. That the prevailing winds in this vicinity blow from the west to the east. That in the fall of the year 1952, appellant planted approximately 320 acres of his land to dry-land winter wheat, and that in the spring of the year 1953, he had a good crop of wheat growing on such land.

That respondent permitted a large portion of his land to lie without being plowed or weeded in the year 1952 and did not plant the same in the fall of such year. That a thick and luxuriant growth of Russian Thistles, commonly called tumble-

weeds, grew on such land and were present thereon in the spring of 1953. That respondent permitted a band of sheep to pasture on said land in the spring of 1953, and that such sheep caused the tumbleweeds to become loosened and the top soil to become pulverized and susceptible to blowing. That the prevailing winds blew such tumbleweeds and soil over and upon the wheat crop of appellant greatly damaging the same. That such dust, dirt and weeds blown from respondent's lands onto the land of appellant also damaged appellant's machinery, house and health. And that appellant was damaged by reason of the nuisance created by respondent in the sum of $10,210.

Respondent, by his answer, generally denied that he handled his land in any unusual, unreasonable or negligent way or that he created any nuisance by the handling thereof to the damage of appellant.

The cause was tried to a jury and resulted in a verdict in favor of respondent, and judgment was entered thereon. Appellant filed motion for new trial which was denied by the court. Appellant has appealed from the judgment and from the order denying motion for new trial.

By his first assignment of error, appellant complains that the court erred in refusing to grant a new trial and in entering judgment on the verdict of the jury. Under this assignment of error, appellant contends that the evidence was insufficient to support the verdict and judgment. Appellant urges that his complaint stated a cause of action under the order of the trial court overruling a general demurrer and that he introduced evidence sustaining each allegation of the complaint and was therefore entitled to a verdict. The evidence in this case is too voluminous to be effectively quoted. The record shows the evidence was conflicting as to the acts of respondent and as to whether such acts resulted in the creation of a nuisance. The record also shows evidence tending to support respondent's defense that his acts were not unusual, unreasonable or negligent, but were in accordance with long standing practices in dry farming and that the result of such acts did not amount to a nuisance to the damage of appellant. See 1 Am.Jur., Adjoining Landowners, Sec. 60, page 540; Boarts v. Imperial Irr. Dist., 80 Cal.App.2d 574, 182 P.2d 246; Stewart v. Birchfield, 15 Cal.App. 378, 114 P. 999; Hoover v. Horton, Tex.Civ.App., 209 S.W.2d 646.

The record discloses competent, substantial evidence sufficient to sustain the verdict of the jury and the same will not be disturbed on appeal. Section 13-219, I.C.; Gordon v. Sunshine Mining Co., 43 Idaho 439, 252 P. 870; Macomb v. Extension Ditch Co., 70 Idaho 202, 214 P.2d 464; Bates v. Siebrand Bros. Circus & Carnival, 71 Idaho 318, 231 P.2d 747; Chapman v. Booth, 71 Idaho 359, 232 P.2d 668; Jensen v. Chandler, Idaho, 291 P.2d 1116.

By his second assignment of error, appellant complains of Instruction No. 1, as being unintelligible. Such instruction was an outline of the pleadings. The part about which complaint is made reads as follows:

"That said weeds when pulled and loosened rolled over the land, cut and destroyed the grain, loosened the soil, broke any crust or resistance it may have to the wind by reason of crops growing thereon, cut and broke up the land and *caused the land upon which the crops were planted to pull the winter wheat so growing and cause it to blow and drift, the ground to be blown* out and destroyed and the air to be filled with dust, dirt and weeds and other debris."

It is apparent that there was some inadvertent transposition of words in this instruction. However, the fault is not of such gravity as to mislead the jury or to require a reversal of the cause.

The third assignment of error is that the court erred in giving Instruction No. 2. Such instruction, in part, reads as follows:

"You are instructed that the plaintiff has the burden of proving all the material allegations of his complaint to entitle him to recover against the defendant, by a preponderance of the evidence, and likewise the defendant must prove all the material allegations of the affirmative defenses set up in his answer by a preponderance of the evidence, to entitle him to recover against the plaintiff."

Appellant contends that such instruction should have been that the plaintiff had the burden of proving all the material allegations of his complaint *not admitted by respondent* and *unless such proof appeared from the evidence of defendant*. It is not contended the instruction was erroneous so far as it went but that it was incomplete. There was no request by appellant for additional or clarifying instructions. In the absence of such request the failure to give same was not reversible error. Bates v. Siebrand Bros. Circus & Carnival, supra; Ryska v. Anderson, 70 Idaho 207, 214 P.2d 874; Pearson v. City of Weiser, 69 Idaho 253, 206 P.2d 264; Pittman v. Sather, 68 Idaho 29, 188 P.2d 600; Burns v. Getty, 53 Idaho 347, 24 P.2d 31; Bryant v. Hill, 45 Idaho 662, 264 P. 869.

By his fourth assignment of error, appellant alleges the court erred in giving Instruction No. 9, and in refusing to give one of appellant's requested instructions on the same subject matter. Instruction No. 9 was as follows:

"You are instructed that a land owner may use his land in any manner which he sees fit, provided it is not for an unlawful purpose, and provided

he shall so use and enjoy his property that his use of it shall not be injurious to the equal enjoyment of others having an equal right to the enjoyment of their property."

Appellant does not challenge the principle of law set out in this instruction, but contends it is indefinite, uncertain, misleading and ambiguous. We find no merit in such contention.

█ The fifth and last assignment of error by appellant is that the court erred in giving Instruction No. 13. Appellant complains that by such instruction the court told the jury that it was for them to determine if the sheep had crossed respondent's idle land, while in Instruction No. 1, the court told the jury that this fact had been admitted. Such contention is not sustained by the record. By Instruction No. 1, the court told the jury that respondent alleged that the band of sheep were only permitted to graze upon his idle land adjoining appellant's land for a period of two or three days; while in Instruction No. 13, it was left to the jury to determine if respondent permitted such band of sheep to graze, pasture or run over said land in February and March of 1953.

The order denying the motion for new trial and the judgment of the trial court are affirmed. Costs to respondent.

TAYLOR, C. J., and KEETON, ANDERSON and SMITH, JJ., concur.