301 P.2d 1106

**MONTGOMERY WARD AND COMPANY, a**
corporation, Plaintiff-Respondent,

v.

**V-1 OIL COMPANY, a corporation,**
Defendant-Appellant.

No. 8424.

Supreme Court of Idaho.

Sept. 26, 1956.

Boyd R. Thomas and Rulon R. Price, Idaho Falls, for appellant.

Albaugh, Bloem, Barnard & Smith, Idaho Falls, for respondent.

PORTER, Justice.

Respondent brought this action to recover the sum of $965.61, alleged to be the balance due from appellant upon an open account for truck tires, tubes and batteries sold and delivered to appellant. By its answer, appellant admitted there was a balance unpaid on such open account of $965.61 but set up by way of counterclaim that appellant was entitled to an adjustment for defective and unsatisfactory merchandise in the sum of $1,154.64, and prayed judgment in the sum of $189.03. During the course of the trial appellant was granted leave to amend his answer and counterclaim by striking the word "defective" from the answer and alleging in the counterclaim that respondent agreed to make adjustments on all merchandise purchased.

Trial of the action resulted in a verdict of the jury in favor of respondent in the sum of $500. Judgment was entered accordingly against appellant for $500 and costs. From such judgment appeal has been taken to this court by defendant-appellant.

The single assignment of error by appellant is that the evidence is insufficient and inadequate to sustain the verdict.

At the trial, appellant having admitted the correctness of the open account as alleged in the complaint, respondent did not offer any evidence. Appellant assumed the burden under its counterclaim of proving a special agreement and the terms thereof for the sale of the merchandise by respondent to appellant and for adjustments to be allowed thereon. By its evidence, appellant attempted to show the agreement provided for a sale price of the truck tires in question equal to one mill per running mile; that on any tire which blew out or otherwise became unserviceable by reason of defects, appellant was to be credited on its account with a sum to be computed from the amount of rubber remaining unused on the tire; that on any recappable tire returned to respondent, appellant was to be credited with $15; and that upon any other carcass which had been worn down beyond the stage where it was recappable, appellant was also to have an adjustment credit of $15. The evidence as to the right to an adjustment credit of $15 on non-recappable tires is conflicting.

Appellant also had the burden of proving the total amount of adjustment credit to

which it was entitled. The evidence shows there were 72 tires upon which it claimed an adjustment. These tires were in appellant's possession and were not tendered to respondent by the pleadings or at the trial and were not offered in evidence. The testimony on behalf of appellant shows that 28 of these tires had been defective and appellant was entitled to an adjustment thereon according to the amount of rubber remaining on the tires. Some of the remaining 44 tires were recappable and some of them were carcasses worn beyond the recappable stage. The evidence in respect to the adjustment credits to which appellant was entitled, was indefinite, uncertain and conflicting. It further appears in the evidence that these 72 tires still in the possession of appellant have a value in excess of $300.

It is apparent that the evidence as to the terms of the adjustment agreement and the evidence as to the amount of adjustment to which appellant was entitled was conflicting. It cannot be said that appellant's proof showed it entitled as a matter of law to a greater adjustment credit than was allowed by the verdict of the jury.

This case falls fairly under our well established rule that where there is substantial, though conflicting, evidence to support the verdict and judgment, the same will not be disturbed by this court on appeal on the ground of the insufficiency of the evidence. Section 13–219, I.C.; Preston v. Schrenk, 77 Idaho 481, 295 P.2d 272; Gordon v. Sunshine Mining Co., 43 Idaho 439, 252 P. 870; Macomb v. Extension Ditch Co., 70 Idaho 202, 214 P.2d 464; Bates v. Siebrand Bros. Circus & Carnival, 71 Idaho 318, 231 P.2d 747; Chapman v. Booth, 71 Idaho 359, 232 P.2d 668.

The judgment of the trial court is affirmed. Costs to respondent.

TAYLOR, C. J., and KEETON, ANDERSON and SMITH, JJ., concur.