Argued March 27, affirmed April 11, rehearing denied May 16, 1916.

## HINKEL v. OREGON CHAIR CO.

### (156 Pac. 438; 157 Pac. 789.)

**Evidence—Experiments.**

1. In an action for personal injuries to a servant from a piece
of wood thrown by a saw, evidence as to experiments made with the
same saw under practically identical condition was admissible.

**New Trial—Misconduct of Jury—Affidavits—Hearsay.**

2. Affidavits of the plaintiff and his counsel, on motion for new
trial as to misconduct of the jury during deliberation, were inad-
missible as necessary hearsay.

**Trial—Verdict—Affidavits of Jurors to Impeach.**

3. The affidavit of a juror cannot be received to impeach the ver-
dict.

**New Trial—Grounds—Falsity of Juror's Testimony.**

4. Where the falsity of a juror's testimony on his primary ex-
amination as to material matters is shown by competent evidence,
a new trial should be granted at the motion of the losing party.

**New Trial—Verdict—Impeachment by Jurors' Affidavits.**

5. The affidavits of jurors are not competent evidence, on a
motion for new trial, to prove the misconduct of a member of the
jury, while such body was deliberating, by stating that he knew
plaintiff, had seen him previously injured, and that the present liti-
gation was a scheme to get money out of the defendant for the
former injury.

[As to jurors' affidavits and statements in support of motion
for new trial, see note in 12 Am. Dec. 142.]

From Multnomah: ROBERT G. MORROW, Judge.

Department 1.    Statement by Mr. Justice Benson.

This is an action by George Hinkel against the Oregon Chair Company, a Corporation, to recover damages for the loss of the sight of an eye.

The complaint alleges that while plaintiff was working in defendant's factory cutting off the ends of a handful of small sticks, called "stretchers," with a trimming saw, a small piece of wood was thrown up from the saw, striking him in the eye and causing the injury upon which this action is based; that the accident would not have occurred if a proper guard had been placed over the saw. During the trial it developed that plaintiff had been the victim of another accident some six or seven years before, in which he had lost the sight of the other eye, for which he prosecuted an action for damages. From a verdict and judgment for the defendant, plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Schmitt & Schmitt,* with an oral argument by *Mr. L. E. Schmitt.*

For respondent there was a brief over the names of *Mr. F. C. Howell* and *Messrs. Wilbur, Spencer & Beckett,* with an oral argument by *Mr. Howell.*

Mr. Justice Benson delivered the opinion of the court.

1. There are two points presented for our consideration: First, that the trial court erred in admitting the testimony of the witness Davison as to the experiments made by him and another with the same saw under the same conditions, and that no pieces were thrown up with sufficient force to do any injury. An

examination of the testimony shows that the conditions under which the experiments were made were practically identical with those under which the accident occurred, and therefore there was no error in admitting the evidence.

2, 3. The second contention is that alleged misconduct of the jury renders the verdict and judgment invalid, and entitles plaintiff to a new trial. The point was first raised in the lower court upon a motion for a new trial, based upon the affidavits of plaintiff, his attorney, and three of the jurors. We dismiss at once the statements of plaintiff and his counsel, as they are necessarily based upon the information received by them from the jurors. Two of the remaining affidavits recite certain statements which they allege that another juror made during the deliberations of the jury, in reference to the former injury of plaintiff and its possible effect upon the present action. The third relates that there was a general discussion among the jurors as to the bearing of the former injury upon the latter. The verdict was unanimous. It is well established in this state that the affidavit of a juror cannot be received to impeach the verdict. The matter is discussed and conclusively determined in the case of *State* v. *Smith,* 43 Or. 109 (71 Pac. 973). Plaintiff contends, however, that the statements made by the juror in the jury-room stamp as false his answers upon *voir dire*, and that a verdict will be set aside when it appears that a juror upon his examination falsely states his knowledge, interest and position, or conceals a material fact, etc. Plaintiff, however, upon this point, meets again the fact that he must invade the secrecy of the jury-room for his evidence, which is not permitted; but if it were, the statements in the affidavits are not necessarily

inconsistent with the truth of the juror's answers upon his *voir dire.* It follows that the judgment should be affirmed; and it is so ordered.

AFFIRMED.    REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE MCBRIDE concur.

---

Denied May 16, 1916.

PETITION FOR REHEARING.

(157 Pac. 789.)

*Messrs. Schmitt & Schmitt,* for the petition.

*Messrs. Wilbur, Spencer & Beckett* and *Mr. F. C. Howell, contra.*

Department 1.    MR. JUSTICE BURNETT delivered the opinion of the court.

In an earnest petition for rehearing the plaintiff urges us to hold that the affidavits of jurors are admissible in certain cases to overturn their verdict. The misconduct of which he complains in this case is said to have resulted from a statement of a member of the jury in the deliberations of that body to the effect that he knew the plaintiff and was present and saw him injured some years previously, when he lost the sight of his right eye, and that the present litigation was a scheme on his part to get some money out of the defendant for the former injury, all notwithstanding the fact that the juror had made statements under oath on his *voir dire* in substance that he did

not know the plaintiff and had no bias or prejudice against him.

4, 5. It is indeed true that if the falsity of the juror's testimony on his preliminary examination as to material matters is shown by competent evidence, a new trial should be granted at the motion of the losing party. The question to be determined is whether the affidavits of his fellow-jurors are competent to prove the occurrences in the secrecy of the jury-room as a means of showing the untruthfulness of the juror's statements when being examined for his qualifications. In the petition for rehearing counsel rely strongly upon *State* v. *Lauth,* 46 Or. 342 (80 Pac. 660, 114 Am. St. Rep. 873), and the precedents hereinafter noted. A reading of the *Lauth Case* discloses that the affidavits of jurors were not used to sustain the motion for a new trial. The *voir dire* examination of the juror was shown by an official stenographic report. The testimony relied upon to impeach his examination was afforded by the affidavits of a constable and one of counsel for the defendant. The affidavit of the juror was considered in support of the verdict, but the case does not teach that his declaration under oath could have been used to defeat it. The principle is not directly discussed in *Pearcy* v. *Michigan Mut. Life Ins. Co.,* 111 Ind. 59 (12 N. E. 98, 60 Am. Rep. 673); *State* v. *Parker,* 25 Wash. 405 (65 Pac. 776), is in point for the plaintiff's contention but is not convincing in the light of the previous uniform holding of this court. In Hayne on New Trial and Appeal, Section 45 et seq., it is laid down as a rule of practice that if a juror be examined as to his qualifications and do not answer truly, a new trial will be granted; but in Section 73 of the same volume the author says:

"It is well settled in California that the affidavits of jurors cannot be received to impeach their verdict except in the case permitted by the statute."

The exception refers to cases where a verdict is reached as the result of some chance device. As late as *Spain* v. *Oregon-Washington R. & N. Co.,* 78 Or. 355 (153 Pac. 470), it is stated in the opinion by Mr. Justice McBRIDE.

"Neither is it necessary to cite authorities to the effect that the affidavits of jurors will not be received to impeach such a verdict (meaning a quotient verdict). The distinction attempted to be made by counsel between affidavits made by jurors where a unanimous verdict is required, and cases where the affidavits are made by nonconcurring jurors under statutes such as ours, where three fourths of the jurors may return a verdict, finds no support in the authorities. The rule is the same in either case."

In *Saltzman* v. *Sunset Telephone & Telegraph Co.,* 125 Cal. 501 (58 Pac. 169), discussing this question, Mr. Justice TEMPLE used this language:

"The independence of the jury and the value of their discussions would be lessened if the reasons given by any juror for his opinions or for his verdict could be reported to the court and criticised, and his motives impugned for remarks made in the jury-room. And such reports would be more likely to be made by dissenting jurors who had been heated by earnest debate and defeated by the final vote. But the independence of the jury would be gone if a perfectly correct report could be made and the verdict attacked by showing that some jurors mistook the evidence or the law, or were actuated by other considerations. There would be no freedom of discussion in the jury-room if they were subject to a possible censorship of this character. And the stability of judicial determinations would be as much imperiled by liability to attack by dissenting jurors as by the

others. * * The main reasons, I think, are these two:
(1) That the jurors, who are practically the only witnesses in regard to the matter, may not be tampered with and verdicts by these means imperiled; and (2) to secure independence and freedom from improper restraint on the part of the jury.''

Another case is *Chicago, R. I. & P. Ry. Co.* v. *Brown* (Okl.), 154 Pac. 1161, where the Oklahoma Supreme Court reviews the authorities and reaches the conclusion that the Circuit Court erred in admitting the evidence of the two jurors who did not sign it to impeach the verdict rendered. This decision was rendered February 1, 1916, and in our judgment contains sounder reasoning than an opinion announced by the same court in the preceding November which teaches a directly contrary doctrine: *Carter State Bank* v. *Ross* (Okl.), 152 Pac. 1113).

Counsel endeavors to draw a distinction between an act or statement of jurors inhering in the verdict and one not having that effect, making the latter an exception to the general rule that the affidavits of jurors cannot be heard in attack upon their finding. It is urged that if this delinquency to be shown by the affidavit ''inheres'' in the verdict, the sworn declaration is not admissible. It is difficult to differentiate between matter which inheres in a verdict and that which does not. If it inheres, it must necessarily be an active agency in the production of the resultant verdict. To disclose it by the testimony of the jurors is to allow them to impeach their own oath-bound decision. If it does not inhere, it is negligible and not to be taken into account. The distinction about inherency is illogical, because whether the subject matter of the affidavit does or does not inhere, the use to be made of it is to stultify the jury and to destroy

their decision at the behest of a recalcitrant minority. The principle is that while the shortcomings of jurors of which the plaintiff complains are grounds for a new trial, yet public policy preserves the secrecy of the jury-room and the independence of jurors to such an extent that they are not competent to testify against their own verdict. Neither can a minority, having assented to the finding, afterward renew the contest concluded in the jury-room. If the misconduct can be established by other evidence, it is available for rehearing, but, lacking the proof which the policy of the law, supported by the weight of authority, recognizes, the moving party must fail for want of testimony.

We are not called upon to answer categorically the socratic argument of the petition about corruption, fraud and other wrongful acts occurring in jury trials; but will dismiss the subject by the intimation that the danger of prosecution for perjury may possibly deter the dishonest juror from unlawful action. At best a jury trial or any other method of settling disputes in which human beings are concerned can never reach mathematical precision. Indeed, it has been said that on all moral questions no one can be so absolutely in the right as to be able to say truthfully that his adversary is absolutely in the wrong. Impeded as we all are by the imperfections of humanity, we cannot expect that either courts or jurors can reach perfect exactitude in the trial of causes. Approximation is the highest result attainable, and the wisdom of the great weight of authority, with the end in view that litigation should some time be terminated, has said that when an issue is committed to twelve men under the sanction of a solemn oath, those same triers will not

be allowed to stultify themselves by affidavits contrary to their decision.

We adhere to the former opinion.

FORMER OPINION APPROVED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BENSON and MR. JUSTICE MCBRIDE concur.