231 P.2d 747

**BATES et ux. v. SIEBRAND BROS.
CIRCUS & CARNIVAL et al.**

No. 7674.

Supreme Court of Idaho.

May 8, 1951.

O. R. Baum, Ben Peterson, and Darwin Brown, all of Pocatello, for appellant.

320

Holden & Holden and Robert V. Kidwell, all of Idaho Falls, for respondent.

TAYLOR, Justice.

On September 18, 1948, during the course of the eastern Idaho fair, the defendants were operating a "miniature" or "choo-choo" train on the fairgrounds at Black-foot. On the afternoon of that day the plaintiff, Myrtle Alice Bates, with her husband and daughter, attended the fair. While she and her fourteen year old daughter were walking westerly along the south side of the oval track upon which the train ran, she stepped upon the track and was struck by the train as it came up behind her from the east. She suffered fractures of the malleolus of the fibula and tibia in the ankle joint and displacement of the ankle and foot.

Upon the trial the jury returned a verdict in favor of the plaintiffs in the sum of $10,000, upon which judgment was entered. Defendants' motion for new trial was thereafter heard and denied and defendants have appealed from the judgment and from the order denying a new trial. The assignments of error challenge the sufficiency of the evidence to establish negligence on the part of the defendants, and urge that the evidence shows contributory negligence on the part of Mrs. Bates. The evidence is to the effect that the track was laid upon grass that had been recently mowed, and that the rails, including the base upon which they rested, stood approximately two and one-half inches high; that the track as laid constituted an oval approximately 75 feet long by 35 feet wide;

there was no fence or guard rail around it; there was a merry-go-round, rollo-plane, and other "ride" concessions in the immediate vicinity; that some if not all of these were in operation at the time of the accident, and that they made considerable noise; that there was a large crowd on the fairgrounds and in the vicinity of these concessions; that people were moving in both directions; that they had crossed back and forth over the tracks and trampled down the grass; and that there was a considerable number of people in the immediate vicinity of the track at the time and place of the accident. There is a dispute in the evidence as to whether the horn or whistle of the engine was being blown immediately before the collision. There were approximately fifteen children riding the train and making a noise, and some of their parents were watching or walking alongside. The plaintiff and her daughter were walking along with some of the crowd moving westerly looking around, and one witness testified that there was jostling and that the plaintiff may have been crowded onto the track. The plaintiff and her daughter testified that they did not see the track or see or hear the train until the accident occurred. It may well be that any signal or noise made by the train, or the children riding it, would be muffled or blended into the noises and sounds from other concessions and the crowd to the extent that plaintiff was totally unaware of its approach, or even of its existence. From this evidence it is apparent that both the question of negligence on the part of the defendants and contributory negligence on the part of the plaintiff, were questions for the jury. The verdict thereon will not be disturbed. Allan v. Oregon Short Line R. Co., 60 Idaho 267, 90 P.2d 707; Hooton v. City of Burley, 70 Idaho 369, 219 P.2d 651.

It is contended that the verdict is excessive. Mrs. Bates was at the time 39 years old, a farmer's wife, and mother of thirteen, and had previously been in good health and able to and did do her household work and helped with chores on the farm. She suffered intense pain at the time; was confined to the hospital ten days following the accident, where a cast was applied; two days in December when the first cast was removed and another applied; and three days in January when the second cast was removed and a splint applied. At that time she was sent to Salt Lake City to a specialist, where she spent three days. She was confined to her bed at home for six months, and when out of bed required the use of crutches for a year from the date of the accident. She suffered considerable pain during that time; was unable to perform her work; and required the use of a cane at the time of the trial, which began March 2, 1950. The doctor who attended her testified that at the time of the trial there was still considerable pain and swelling; that the joint mortise was not in proper alignment; that there was some calcium deposit in the joint area; that she suffered a reduction of 50% in dorsiflexion and 75% in lateral rotation of the ankle; and that the pain would con-

tinue and that the injury was permanent. The doctor who examined her for the defense testified that she had nearly complete mobility of the ankle laterally and only 20% limitation in dorsiflexion, with some pain; a moderate degree of malalignment; and that the fracture had been well reduced and was well healed. This conflict in the evidence as to the nature and extent of the injury and the pain and suffering was a matter for the jury to resolve. We are unable to say that the amount of the verdict is so excessive as to indicate passion or prejudice. This question was also presented to the trial judge as one of the grounds for a new trial, and he ruled thereon adversely to appellants. We think the record does not require a reduction in the verdict. Garrett v. Taylor, 69 Idaho 487, 210 P.2d 386; Checketts v. Bowman, 70 Idaho 463, 220 P.2d 682; Koch v. Elkins, 71 Idaho 50, 225 P.2d 457.

■■ Appellants assign as error a portion of the court's instruction on contributory negligence. This instruction, after calling attention to the defense of contributory negligence, states, "I instruct you that such a defense is an affirmative defense and the burden of proving the same rests on the defendants." It is not contended that this is an incorrect statement of the law. The complaint is that without more the jurors would be led to believe that they could not consider, on the question of contributory negligence, any evidence introduced by the plaintiff. It is true that "contributory negligence, if shown, is available as a defense regardless of which party introduces evidence showing it," and where the evidence of the plaintiff may tend to show contributory negligence, the court should instruct the jury to the effect that all of the evidence in the case, including that produced by the plaintiff, may be considered by the jury in determining whether the plaintiff was guilty of contributory negligence. Draper v. City of Burley, 53 Idaho 530, 26 P.2d 128.

■ Failure to give such a clarifying instruction is not reversible error in the absence of a request therefor. Pittman v. Sather, 68 Idaho 29, 188 P.2d 600; Pearson v. City of Weiser, 69 Idaho 253, 206 P.2d 264; Ryska v. Anderson, 70 Idaho 207, 214 P.2d 874. In this connection, appellants do not assign as error the refusal of any clarifying instruction requested by them on this point. However, on the argument, they call attention to their request No. 10, which contains the following: " * * * that the plaintiffs cannot recover when it appears from the evidence that the negligence of the injured plaintiff was the proximate cause of the accident or directly contributed to the damages sustained even though the evidence may also show negligence on the part of the defendants." They emphasize that such an instruction would not limit the evidence of contributory negligence to that produced by the defendants. Defendants' request No. 13, which was given by the court (with the addition of the word "one") covers this point in about the same manner as request No. 10. After reciting that the burden is on the plaintiff of proving the

negligence charged in the complaint, and that such was the proximate cause of the injury, the instruction contains the following: "If the evidence on such points shall not preponderate in favor of the plaintiffs but shall at best be evenly balanced, or if the defendants' negligence shall be established to your satisfaction but you shall yet believe from the evidence that the plaintiffs could have avoided the injury and damage if proceeding carefully as under all circumstances one would in the exercise of reasonable and ordinary care, but that they did not do so and such failure proximately caused or contributed to the injury and the resultant damage to plaintiffs, then your verdict must be in favor of the defendants and against the plaintiffs." This is more favorable to the defendants as a clarification of the instruction complained of than that contained in the request which was refused. Moreover, it does not appear likely that the jury was misled by the instructions as given. We find no error here. Sec. 5-907, I.C.; Bryant v. Hill, 45 Idaho 662, 264 P. 869.

One of the grounds urged for a new trial was misconduct of the jury. In the supporting affidavit of one Wetzel it is alleged that, during a recess of the court on the afternoon of the second day of the trial, the affiant overheard two of the jurors conversing in the corridor of the courthouse and that one said to the other, "I think the thing is dangerous and should have had a fence around it." and that the other juror said, "Yeah", and that the second mentioned juror also said, "The map was wrong." to which the first juror agreed. The further showing is that this incident was called to the attention of defendants' counsel after the court had adjourned for the day. When the court convened the following morning, defendants' counsel moved the court for an order of mistrial and the granting of a new trial because of this conduct on the part of the two jurors. In denying the motion for a new trial on this ground, the court indicated in a letter to counsel that he had considered the matter as though the allegations made by Wetzel were true. However, the affidavits of the two jurors referred to are in the record. They both deny the statements attributed to them. We find no error. 39 Am.Jur., New Trial, sec. 77; 66 C.J.S., New Trial, § 53; State v. Robidou, 20 N.D. 518, 128 N.W. 1124, Ann.Cas.1912D, 1015; Nelson v. Placanica, 33 Wash.2d 523, 206 P.2d 296; sec. 5-907, I.C.

A second charge of misconduct on the part of the jury is that in their deliberations the jurors considered the fact that the defendants in operating the same train on the fair grounds at Blackfoot during the fair in 1949, enclosed it within a fence or enclosure, and that there was no evidence of that fact introduced at the trial. The affidavit supporting this charge is made by one of counsel for appellants, and alleges that one of the jurors told affiant of the alleged misconduct. The juror named denies the statement attribut-

324

ed to him. The verdict cannot be impeached by such hearsay affidavit. Sec. 10–602, I.C.; Woods v. Pacific Greyhound Lines, 91 Cal.App.2d 572, 205 P.2d 738; Hinkel v. Oregon Chair Co., 80 Or. 404, 156 P. 438, 157 P. 789; Lindsey v. Elkins, 154 Wash. 588, 283 P. 447; J. P. Seeburg Corp. v. Johnson, 59 Idaho 439, 83 P.2d 432.

Applicants assign as error the failure of the court to instruct the jury that they could not arrive at a verdict by quotient. No request was made for such an instruction, nor any showing that the verdict was agreed to in this manner. Hence no error.

We find no merit in other assignments not discussed. The judgment and order appealed from are affirmed. Costs to respondents.

GIVENS, C. J., and PORTER, THOMAS AND KEETON, JJ., concur.