305 P.2d 1085

Lelan L. BLACK, Plaintiff-Appellant,

v.

THEO HAMM BREWING CO., a corporation, and Robert L. Connelly, Defendants-Respondents.

No. 8206.

Supreme Court of Idaho.

Jan. 11, 1957.

S. T. Lowe, Kales E. Lowe, Tom H. Church, Burley, for appellant.

Parry, Keenan, Robertson & Daly, Twin
Falls, for respondents.

SMITH, Justice.

May 10, 1951, appellant, a distributor for
respondent Theo Hamm Brewing Co., ac-

companied respondent Connelly, a salesman for the brewing company, on company promotion visits to various retail outlets in the Jerome-Gooding-Hazelton area. The two men were traveling westerly on State Highway No. 25 in a Plymouth sedan panel truck driven by respondent Connelly. The highway was dry and visibility was not impaired. When they had reached a point about one-fourth mile east of Hazelton a collision occurred of the Plymouth automobile and an International 1-ton pick-up truck owned and driven by Donald Adams traveling in an easterly direction on the highway. Appellant sustained personal injuries in the collision.

The chain of events, which resulted in the collision, began after Adams took his eyes from the highway to retrieve green trading stamps being blown about in the cab of the truck, and when the two vehicles were approaching each other in relatively close proximity.

Adams was traveling at a speed between 20 and 25 miles an hour occupying the south lane of traffic when the green stamps began distracting his attention; with his attention so distracted, and when about 150 feet distant from the oncoming Plymouth traveling between 45 and 50 miles an hour, the Adams' truck suddenly swerved left from its lane of traffic, traveling to the north, until the major portion of the truck was north of the center line and on its driver's wrong side of the highway.

Connelly, when he first observed the Adams' truck leave its lane of traffic, turned the Plymouth automobile south, to his left, as he testified, "because the truck was in my lane of traffic and it was heading toward the side of the road, the north side of the road I was on."

Adams, then looking up, discerned that, "the center line of the highway was right under the center of my truck;" thereupon he turned his vehicle south, to his right, without yet having observed the approaching Plymouth; then looking up ahead he saw the Plymouth angling northerly across the highway.

Respondent Connelly, observing the second movement of the Adams' truck and as he stated, "To avoid the truck," turned the Plymouth automobile back north, to his right side of the highway. Adams, when he saw the Plymouth, again turned his truck north, to his left, which movement brought the truck in front of the oncoming Plymouth car. Collision resulted of the right front end of the Adams' truck and the front end of the Plymouth automobile. The collision occurred in respondent Connelly's proper lane of traffic, at a point approximately two feet north of the center line of the highway. The Plymouth car left ten to fifteen feet of skidmarks on the highway to the east, leading up to the point of impact.

Appellant seeks recovery of damages from respondents on account of his per-

sonal injuries sustained in the collision. He alleged negligence of respondents, particularly of respondent Connelly, in causing the Plymouth automobile to collide with the Adams' truck under the circumstances mentioned.

Respondents by their answer denied the alleged negligence. They affirmatively alleged the collision as proximately caused by Adams in driving his truck negligently, in violation of the rules of the road, to his left and onto the north lane of traffic where the collision occurred; also affirmatively alleged appellant's contributory negligence.

The trial court denied respondents' motions for nonsuit and directed verdict. The trial resulted in a verdict for respondents and entry of judgment thereon. The court thereafter denied appellant's motion for a new trial. Appellant perfected an appeal from the judgment and the order denying a new trial.

Appellant assigns error of the trial court in submitting to the jury the issue of contributory negligence.

The trial court gave two of the instructions in regard to the issue of contributory negligence, as instructions which appellant requested.

Appellant points out that he was required to submit his requested instructions at the commencement of the trial. That is a requirement of Rule 84 of the Uniform Rules of District Courts. Appellant further states that in the light of respondents' defense of contributory negligence, appellant submitted his requested Instructions, Nos. 10 and 23, on that issue; also, that since appellant could not know whether there would be evidence of contributory negligence, he submitted, and the court refused, a requested Instruction, No. 18, designed to instruct the jury that no evidence had been offered or received in support of the plea of contributory negligence, and therefore the jury could not find that plaintiff (appellant) was contributorily negligent.

Rule 84 aforesaid contains the provision that "such additional or modified instructions as counsel may deem required by or proper under the evidence may be presented not later than at the close of the evidence."

If appellant, at the close of the evidence, had entertained the belief that contributory negligence was not an issue in the case, then pursuant to Rule 84, he could have modified his assertedly offending Requested Instructions Nos. 10 and 23 either by withdrawing them or by modifying them so as to eliminate the matters therein relating to the issue of contributory negligence.

Moreover, appellant's Requested Instruction No. 20 on the last clear chance doctrine was a further invitation to the trial court to submit the issue of contributory negligence to the jury; for such requested instruction presumed the necessity of a finding of contributory negligence on appel-

502

lant's part, that thereby such doctrine be applicable.

■ Under the aforesaid circumstances appellant cannot be heard to complain that the trial court submitted to the jury the issues of contributory negligence. Appellant invited the error, if such there was. Gaskill v. Washington Water Power Co., 17 Idaho 128, 105 P. 51; Neff v. Hysen, 72 Idaho 470, 244 P.2d 146; Puget Sound Nat. Bank of Tacoma v. C. B. Lauch Const. Co., 73 Idaho 68, 245 P.2d 800; Laidlaw v. Barker, 78 Idaho 67, 297 P.2d 287; Rule 84 of Uniform Rules of District Courts; Banta v. Hestand, 181 Okl. 551, 75 P.2d 415.

Appellant assigns error of the trial court in giving the portion of Instruction No. 14 to the effect that plaintiff (appellant) has the burden of proving all the material allegations of his complaint.

Appellant does not contend that the instruction was erroneous; he complains that it was incomplete in that it failed to instruct that appellant had only to prove all the material allegations of his complaint *not admitted by respondent.*

■ Appellant could have requested such additional or clarifying instruction as deemed proper to remedy the incomplete status of said instruction; but since he made no such request, we hold that the trial court did not commit reversible error. Rule 84 of the Uniform Rules of District Courts. Appellant's contention is further answered by the case of Preston v. Schrenk, 77 Idaho 481, 485, 295 P.2d 272, 275, as follows:

"There was no request by appellant for additional or clarifying instructions. In the absence of such request the failure to give same was not reversible error. Bates v. Siebrand Bros. Circus & Carnival, supra [71 Idaho 318, 231 P.2d 747]; Ryska v. Anderson, 70 Idaho 207, 214 P.2d 874; Pearson v. City of Weiser, 69 Idaho 253, 206 P.2d 264; Pittman v. Sather, 68 Idaho 29, 188 P.2d 600; Burns v. Getty, 53 Idaho 347, 24 P.2d 31; Bryant v. Hill, 45 Idaho 662, 264 P. 869."

Lastly, appellant assigns error of the trial court in refusing to instruct the jury regarding the last clear chance doctrine.

The two vehicles were traveling toward each other at the combined average speed of 70 miles an hour; mathematically calculated, at that speed they would traverse a distance of 150 feet in approximately 1.5 seconds. When the vehicles were so traveling and separated the chain of events commenced which culminated in the collision.

■ The first two traffic movements of the Adams' truck, i. e., the first, to the north and Adams' left, by sudden swerve until most of the truck was north of the highway's center line, and the second, to the south and Adams' right, each initiated by

Adams, were followed in immediate sequence by counter movements of the Plymouth automobile. Those counter movements were; the first, to the south and respondent Connelly's left, and the second, back to the north and respondent Connelly's right.

The third and last movement of the truck, again initiated by Adams, resulted in the collision. That movement occurred when Adams turned his truck once more to his left and onto the north side of the highway, immediately in the path of the oncoming Plymouth. The undisputed testimony of respondent Connelly in respect thereto appears as follows:

"Q. Were you able to make any maneuver after the truck last turned to its left? A. No, sir; this all happened very fast and all the distance between us had been used up by then."

Laidlaw v. Barker, 78 Idaho 67, 297 P.2d 287, 291, contains the most recent expression of this Court relating to the last clear chance doctrine. That case, together with the supporting authorities therein cited, indicates clearly that the last clear chance doctrine cannot be applied to the facts of the case here under consideration. This is true, simply because the third and last movement of Adams' truck created such a sudden emergency that respondent Connelly could not have acted in any manner to avert the accident because of the lack of any sufficient time element. Quoting from the case of Laidlaw v. Barker, supra:

"That doctrine [of last clear chance] implies thought, appreciation, mental direction and lapse of sufficient time effectually so to act as to save another from injury to$_0$ which he has negligently exposed himself. It is not applicable where the emergency is so sudden that there is no time to avert the accident. * * * The last clear chance must be a clear one."

The trial court did not err in refusing to instruct the jury on the doctrine of last clear chance.

The judgment of the trial court is affirmed. Costs to respondents.

KEETON, C. J., and PORTER and TAYLOR, JJ., concur.

The late ANDERSON, J., sat at the hearing, but died before the Court reached its decision.