Argued June 6, affirmed July 31, petition for rehearing
denied September 4, 1963

## STATE OF OREGON *v.* BENSON
### 384 P. 2d 208

*Rodney W. Miller,* Salem, argued the cause for appellant. On the brief were Evans & Miller.

*A. R. McMullen,* District Attorney, argued the cause and filed a brief for respondent.

Before PERRY, J., presiding, and O'CONNELL, GOOD-WIN, DENECKE and LUSK, Justices.

O'CONNELL, J.

Defendant was convicted of the crime of forgery. After judgment was entered defendant learned that one of the jurors, Marjorie Ketola, had been convicted in 1952 of the crime of forgery. Defendant moved for an order setting aside the judgment of conviction and for an order granting a new trial on the ground that one of the members of the jury was not a qualified juror and that, therefore, the verdict was void. The motion was denied and defendant appeals.

A person is not competent to act as a juror if he "has been convicted of any felony or a misdemeanor involving moral turpitude." ORS 10.030 (2)[1] The state concedes that the juror in question had been previously convicted of a felony, but it contends that by failing to exercise his right to challenge the juror for cause defendant waived the objection.[2] On voir dire defendant did not ask the juror if she had been previously convicted of a felony. Defendant takes the position that the disqualification of a juror on the ground of a felony conviction is not waived by the failure to challenge the juror on voir dire.

---

[1] The full text of ORS 10.030 is as follows:

"(1) A person is not competent to act as a juror unless he or she is:

"(a) A citizen of the United States.

"(b) An inhabitant of the county in which he or she is returned, and has been an inhabitant thereof for the year next preceding the time he or she is drawn or called.

"(c) Over 21 years of age.

"(d) In the possession of his or her natural faculties and of a sound mind.

"(2) Nor is any person competent to act as a juror who has been convicted of any felony or a misdemeanor involving moral turpitude.

"(3) No person shall be summoned as a juror in any circuit court more than once in one year."

[2] ORS 17.130 (1) (a) specifies a conviction for felony as a general cause for challenge.

*State v. Powers,* 10 Or 145, 45 Am Rep 138 (1882) is directly in point. In that case defendant was convicted of murder in the first degree. After verdict defendant discovered that one of the jurors had been convicted of a crime involving moral turpitude. It was held that the objection to the juror's competence was waived by the defendant's failure to challenge the juror on voir dire.

Defendant concedes that *State v. Powers,* supra, is dispositive of the present case but he urges us to overrule it. We see no reason for doing so.

Our attention is called to *Beasley v. State,* 39 Ala App 182, 188, 96 So2d 693 (1957) which describes the Powers case as "an uncritical analysis of many cases with little or no eye to distinguish between disqualifications affording challenges to principal cause * * * (i.e., where the objector carries the burden of proof to show some prejudicial bias in the challenged juror.)" The *Beasley* case is clearly distinguishable. In that case the jury panel was asked, in effect, if any of them had ever been convicted of a crime involving moral turpitude. One of the jurors who had been so convicted remained silent. This was tantamount to answering the question in the negative. Under such circumstances it cannot be said that defendant's conduct constitutes a waiver of his objection to the juror's incompetency to serve.

■■ Where the juror is questioned as to his qualifications and he answers falsely, our cases hold that such misconduct is a ground for the granting of a new trial.[9] But where the juror is not asked as to his

---

[9] Jones v. Imperial Garages, 174 Or 49, 145 P2d 469 (1944); Hinkel v. Oregon Chair Co., 80 Or 404, 156 P 438, 157 P 789 (1916); State v. Lauth, 46 Or 342, 80 P 660, 114 Am St Rep 873 (1905).

qualifications the case is quite different, for in such circumstances it is reasonable to regard the failure to inquire as a waiver of the defect in the juror's qualifications. The cases generally so hold.[4]

Both counsel have the privilege of questioning jurors as to their qualifications. If the privilege is not exercised the juror cannot be expected to volunteer information concerning his competency as a juror. Unless informed by the trial court or counsel of the statutory qualifications a juror ordinarily will not know what would disqualify him. It is counsel's obligation to make inquiry in this regard and if inquiry is not made, the ground for disqualification is waived.

■ Defendant argues that a juror who has been convicted of a felony or a misdemeanor is, from the very nature of his moral deficiency, incapable of acting impartially and that, therefore, his incompetency is not waivable. We do not accept this hypothesis. The commission of a felony or a misdemeanor involving moral turpitude does not necessarily evidence a weakness of moral character incapable of correction. Many convicts have become morally rehabilitated. And we have no reason to believe that those who have not become rehabilitated and are called to jury duty are more likely to show partiality for the state than for the defendant.

The judgment is affirmed.

[4] State v. Powers, 10 Or 145, 45 Am Rep 138 (1882); Kohl v. Lehlback, 160 US 293, 300, 16 S Ct 304, 40 L Ed 432 (1895); Spivey v. United States, 109 F2d 181 (5th Cir 1940); Kelly v. United States, 297 Fed 212 (9th Cir 1924); State v. Pickett, 103 Iowa 714, 73 NW 346 (1897); Wassum v. Feeney, 121 Mass 93, 23 Am Rep 258 (1876); Commonwealth v. Walker, 283 Pa 468, 129 A 453 (1925).