499 P.2d 323

Roy D. BELL and E. Alene Bell, husband
and wife, Plaintiffs-Appellants,

v.

JOINT SCHOOL DISTRICT NO. 241 et al.,
Defendants-Respondents.

No. 10797.

Supreme Court of Idaho.

July 14, 1972.

Ryan & Sweet, Weiser, for plaintiffs-appellants.

Elam, Burke, Jeppesen, Evans & Boyd, Boise, for defendants-respondents.

DONALDSON, Justice.

This negligence action was brought by the plaintiffs-appellants, Roy D. and E. Alene Bell, to recover damages for injuries sustained by Roy D. Bell in a motor vehicle accident which occurred on April 22, 1969. On that date, a 1960 Chevrolet one-half ton pickup truck in which Bell was riding as a passenger was struck by a school bus owned by the defendant school district and being driven by the defendant Terry R. Farris. The case was tried to a jury, which rendered a verdict in favor of the defendants, and the district court denied the plaintiffs' motion for judgment notwithstanding the verdict or for a new trial. On appeal, the appellants request that this case be reversed and remanded for a new trial.

The pickup truck in which Bell was riding at the time of the accident was owned by the United States Department of Agriculture and assigned to the Soil Conservation Service. It was being driven by Kenneth Schwartz, an employee of the Soil Conservation Service. Bell was Schwartz's immediate supervisor, and Schwartz had requested that Bell assist him at their intended destination. Their pickup truck and the school bus were traveling in the same direction; the accident occurred when the school bus attempted to overtake the pickup, which was moving much slower than the bus. When the bus was in the process of passing, the pickup initiated a left turn and was thereupon struck by the bus. The testimony is conflicting as to whether Schwartz signaled his intention to turn left; Schwartz testified that he activated his left-turn indicator some two hundred feet before initiating the turn, but the school bus driver testified that he saw no signal whatsoever. In addition, four witnesses who were passengers on the bus also testified that no signal was given by the driver of the pickup in which Bell was riding. Schwartz testified that prior to the collision, he had observed the bus approaching rapidly from the rear.

The appellants' first assignment of error alleges that they should have been granted a new trial because there was insufficient evidence to show that Schwartz was negligent and that his negligence, if any, was a proximate cause of the accident. A jury finding will not be set aside on appeal where it is supported by substantial, competent, though conflicting, evidence. Cahill v. Logue, 93 Idaho 533, 466 P.2d 573 (1970); Bratton v. Slininger, 93 Idaho 248, 460 P.2d 383 (1969). In this case, although the evidence as to proximate cause is conflicting, there is ample support for a jury finding that the sole proximate cause of the accident was the negligence of the appellant's driver, Schwartz; by way of example, we note that the bus driver and four other witnesses testified that no signal was given before Schwartz turned left into the path of the bus.

The appellants' second assignment of error alleges that the evidence adduced at trial did not warrant giving to the jury an instruction regarding the relationship of the driver (Schwartz) to his passenger (Bell). In this regard, the appellants' third assignment more specifically alleges that the court's instruction No. 14,[1] relat-

---

1. The pertinent part of the court's instruction No. 14 reads as follows:

 " * * * if you should find that Kenneth Schwartz and Roy D. Bell were joint venturers as that relationship is defined, then Kenneth Schwartz's negligence must be imputed to Roy D. Bell, and the latter may not recover.

 "A joint venture is a relationship which arises from an understanding or relationship between two or more persons to undertake some common objective for the benefit of all. There must be a joint interest or community of interest in the purpose of the undertaking, express or implied, and an equal right, express or

ing to the doctrine of joint venture, was inappropriate where, as here, the driver and passenger were fellow servants employed by a governmental agency. The record indicates, however, that the appellants also requested an instruction [2] relating to the question of joint venture. Having done so, the appellants are in no position to complain now that such could not be an issue where the driver and passenger are coemployees. Hansen v. Howard O. Miller, Inc., 93 Idaho 314, 460 P.2d 739 (1969); Bratton v. Slininger, supra; Fawcett v. Irby, 92 Idaho 48, 436 P.2d 714 (1968); Black v. Theo Hamm Brewing Co., 78 Idaho 498, 305 P.2d 1085 (1957); Puget Sound Nat. Bank v. C. B. Lauch Const. Co., 73 Idaho 68, 245 P.2d 800 (1952).

 The appellants also contend that the trial court erred in giving its instruction No. 15, reading as follows:

"You are further instructed that although the right of control over the driver is not sufficient by itself to justify an application of the doctrine of imputed negligence, it is a factor to be considered with all other circumstances in determining whether the plaintiff was guilty of independent contributory negligence which would bar recovery.

"In other words, the negligence, if any, of the driver Kenneth Schwartz, would become a factor in the instant case if you determine that Roy D. Bell had supervisory authority only over Kenneth Schwartz and that he failed properly to supervise or direct the driver Kenneth Schwartz after he has a reasonable opportunity to see or to know that the driver was operating the pickup without due regard for the safety of others and that plaintiff was negligent in failing to exercise his authority or acquiesced or cooperated in the act complained of."

The appellants claim that this instruction is erroneous because no evidence was adduced at trial to show that Bell knew or had reason to know of Schwartz's negligence, if any, and because Bell's supervisory power was not such as to require him to act affirmatively to control the driving of the vehicle. On appeal from a jury verdict, we must view the evidence in the light most favorable to the respondent and least favorable to the appellant. Cahill v. Logue, supra; Christensen v. Stuchlik, 91 Idaho 504, 427 P.2d 278 (1967). Doing so, we find the evidence sufficient to support a jury finding that Bell had a reasonable opportunity to discover that Schwartz was operating the vehicle in a negligent manner. The record discloses that Bell knew where Schwartz was planning to turn; the testimony also indicates that if Schwartz failed to signal, this would have been observable to Bell. The jury could have concluded that Bell should have noticed that Schwartz, although planning to turn, was neither executing a hand signal nor activating an electric signal. In regard to the duty of a passenger to act affirmatively when he has reason to know of dangerous conduct on the part of a driver, such does not depend on any supervisory capacity on the part of the passenger. As a general rule, a passenger must pay such attention to his own welfare as a reasonably prudent person would under like circumstances. Hayslip v. George, 92 Idaho 349, 442 P.2d 759 (1968); Hodge v. Borden, 91 Idaho 125, 417 P.2d 75 (1966). This was, in fact, recognized by the trial court in its instruc-

implied, to exercise some control over the conduct of each other in respect thereto, although they need not have actually exercised such right, it being sufficient if the right merely exists."

2. The plaintiffs' (appellants') requested instruction No. 10 in pertinent part reads as follows:
"If you find that Mr. Schwartz and Mr. Bell were in an agency relationship or that they were on a joint venture, as heretofore instructed, and that the negligence of Kenneth Schwartz, if any, would be imputed to Mr. Roy Bell, you should then further determine whether or not Mr. Kenneth Schwartz was contributorily negligent in failing to comply with his duties as above set forth."

tion No. 16,[3] to which the appellants offer no objection. In any event, the record clearly shows that Bell was Schwartz's immediate supervisor, and Bell's failure to exercise his right of control over Schwartz may have constituted independent negligence on Bell's part which contributed to the injuries he sustained in the accident which thereafter ensued. Siburg v. Johnson, 249 Or. 556, 439 P.2d 865 (1968); Veek v. Tacoma Suburban Lines, 49 Wash.2d 584, 304 P.2d 700 (1956). The court's instruction No. 15 was a correct statement of the applicable law, and the evidence presented at trial was sufficient to support a finding that Bell was negligent in failing to exercise his right to control a driver who was driving in a negligent manner.

▮ The appellants' final contention is that the trial court erred in admitting into evidence as an exhibit a chart showing average stopping distances, as published in a publication known as the Idaho Driver's Handbook. In order to be admissible, such evidence must be relevant and material; but it is within the discretion of the trial court to determine whether sufficient foundation has been laid to admit such a chart. Dewey v. Keller, 86 Idaho 506, 512–513, 388 P.2d 988 (1964); see Fawcett v. Irby, supra, 92 Idaho at 51, 436 P.2d 714; cf. Howard v. Missman, 81 Idaho 82, 87, 337 P.2d 592 (1959). In Dewey, the entire Handbook, not merely the chart, was offered into evidence; this Court ruled that the trial court did not err in refusing to admit the Handbook. In the case at bar, only the page containing the stop-

ping-distances chart was offered into evidence by the respondents; the court admitted only this one particular page and, at that time, ruled that sufficient foundation (in the form of evidence of speed and skid marks) had been laid to warrant admission of the chart. We conclude that the trial court, in admitting this exhibit, did not abuse the legal discretion vested in it.

The order appealed from is affirmed. Costs to respondents.

McQUADE, C. J., McFADDEN, and BAKES, JJ., and WARD, District Judge, concur.

3. The court's instruction No. 16 reads as follows:
"Every person under all circumstances, and whether on business or pleasure, must exercise ordinary care for his own safety. This duty of self-protection applies not only to a person who is the driver of an automobile, but also to a person who is merely an occupant such as a guest or passenger.
"Whenever the conduct of the driver in his operation of the car becomes in any respect negligent and such negligent conduct creates danger to the degree of sub-

jecting the occupants to an unreasonable risk of injury, and the occupants know, or, in the exercise of ordinary care, ought to know, that they are unreasonably exposing themselves to such danger, they are then required, in order to measure up to the standard of ordinary care for their own protection, to conduct themselves in the manner that a person of ordinary intelligence and prudence would conduct himself under the same or similar circumstances. Conduct, as used herein, may involve the action, inaction, protest or silence of the passenger."