541 P.2d 606

**Sylvester J. BILLS and Allied Mutual Insurance Co., a corporation, Plaintiffs-Respondents,**

**v.**

**Sylvester BUSCO, Defendant-Appellant.**

**No. 11843.**

Supreme Court of Idaho.
Oct. 14, 1975.

---

Louis F. Racine, Jr., Pocatello, for defendant-appellant.

Clark Gasser, Pocatello, for plaintiffs-respondents.

SHEPARD, Justice.

This appeal results from a jury verdict and judgment entered thereon awarding damages to plaintiff Sylvester Bills for personal injuries received in an accident resulting from the operation of a vehicle by defendant Sylvester Busco. The questions presented involve the validity of certain jury instructions and the rejection of instructions proffered by the defendant.

On November 18, 1970, plaintiff-respondent Bills and one Wilfred Widmer, employees of a wrecking truck operator, were dispatched to assist in a one-vehicle accident on U.S. 30N about one mile outside of Georgetown, Idaho. Upon their arrival at the site they found an overturned Ford Bronco alongside the highway. They placed their truck just off the opposite side of the highway with the truck boom extending approximately three feet over the road and the cable therefrom running across the width of the road to the front of the Bronco vehicle. The testimony indicated that although the visibility was good it was nevertheless a grey morning having snowed lightly and intermittently. They placed two reflectors down the road to warn oncoming traffic, activated the flashing light on top of the wrecker cab, the wrecker headlamps and left turn signal.

Bills and Widmer using the boom and cable turned the Bronco vehicle upright and Widmer was in the wrecker cab while Bills was kneeling next to the front of the Bronco preparing to unhook the cable from the Bronco. At this time, Busco approached the scene in his vehicle. Upon noting the approach of the Busco vehicle, both Bills and Widmer began to wave at him to stop his vehicle. Busco testified that he saw Widmer's signals, recognized that he was required to stop and began slowing down intending to stop and render help and assistance. Busco testified that while approaching the scene, he did not see the reflectors, did not see any of the flashing lights on the wrecker truck, did not see Bills nor did he see the cable stretched across the road. However, he did testify seeing the wrecker truck and Widmer from at least one-half mile away. Contrary evidence was received from Widmer who testified that Busco had told him the day after the accident that he, Busco, had in fact seen the cable.

Bills noted that Busco's vehicle had come almost to a stop and assuming that it would stop before reaching the cable he attempted to unhook the cable from the Bronco. In so doing, the cable was flipped into the air, stretching across the highway at a height of approximately three feet directly in front of Busco's still slowly moving vehicle. Busco, in fact, had not come to a complete stop and his car ran into the cable, thereby pulling the still connected Bronco onto Bills and causing the injury.

■ Busco assigns error to the refusal of the trial court to instruct the jury that a member of the travelling public had the right to assume and act upon a belief that a highway is free from all but normal traffic hazards. Busco argues that the decision *Dewey v. Keller,* 86 Idaho 506, 388 P. 2d 988 (1964) required the giving of the requested instruction in the case at bar. We deem the facts of *Dewey* to be clearly distinguishable from the case at bar. While in *Dewey* there was nothing to put the decedent on notice of danger, here however, there were adequate warnings to put Busco on notice of danger ahead. Busco's own testimony indicates that he saw Widmer's warnings, appreciated the existence of an emergency situation and did intend to stop. The requested instruction was properly refused.

■ Busco asserts additional error in the court's instruction to the jury that an oncoming driver has a duty to see that which is plainly visible. Busco argues that the "plainly visible" instruction imparted to the jury the view that the *cable* was plainly visible. We hold the instruction to be

clearly relevant in the case at bar. The principle is a correct statement of law. *Munson v. State, Department of Highways,* 96 Idaho 529, 531 P.2d 1174 (1975); *Drury v. Palmer,* 84 Idaho 558, 375 P.2d 125 (1962); *Riley v. Larson,* 91 Idaho 831, 432 P.2d 775 (1967). The general negligence instruction given by the court does not clearly caution the jury to evaluate Busco's conduct according not only to the warnings that he claimed that he in fact saw but also to the warnings which a reasonably prudent person should have seen. It therefore needed amplification and the "plainly visible instruction" focuses on that essential point. Busco had placed the point in issue by denying seeing the reflectors, the flashing warning lights, the cable and even Bills himself. The question of what a reasonably prudent person would or should have seen went to the reasonableness of both Bills' and Busco's conduct.

Busco next argues that Bills was contributorily negligent as a matter of law. He contends that reasonable minds could not differ in finding Bills' conduct to be unreasonable. We do not agree. Whether, as Bills testified, Bills' actions were reasonably premised on his anticipation that Busco would stop his vehicle was a question for the jury. Busco, himself, testified that he intended to stop and had actually made a "slow stop." Bills' alleged contributory negligence was an issue in the case and was submitted to the jury under appropriate instruction and the jury obviously resolved that issue in favor of Bills. We will not invade this traditional province of the jury. *Fowler v. Uezzell,* 94 Idaho 951, 500 P.2d 852 (1972); *Bell v. Joint School District No. 241,* 94 Idaho 837, 499 P.2d 323 (1972); *Henderson v. Cominco American, Inc.,* 95 Idaho 690, 518 P.2d 873 (1973). The jury determination of no contributory negligence on the part of Bills is supported by the record.

Busco assigns error to the refusal of the trial court to instruct the jury on sudden emergency. Ordinarily this instruction should not be given since it is adequately covered by the general negligence instruction which takes into account the circumstances confronting the actor. *Messmer v. Ker,* 96 Idaho 75, 524 P.2d 536 (1974); *Mills v. Hunt Bros. Construction, Inc.,* 96 Idaho 563, 532 P.2d 568 (1975). As stated in *Messmer:*

"Although the instruction is at times useful in cases involving complex and nearly instantaneous circumstances, usually the instruction is counter-productive . . . We must balance the possible confusion created by layer upon layer of instruction and the necessity of providing the appropriate legal theories."

Here, if the sudden appearance of the cable did constitute an emergency, it was caused in part at least by Busco himself in failing to observe the warning devices that were plainly there to be seen and the signals to stop which he admittedly observed and with which he intended to comply. See *Dewey v. Keller, supra; Mills v. Hunt Bros. Construction, Inc., supra.*

Appellant also contends that the trial court erred in refusing defendant's proffered instruction to the effect that if the plaintiff suffered from a condition not proximately caused by defendant's negligence, the jury could not assess damages therefor. During the course of plaintiff's testimony on direct examination, plaintiff Bills stated that the leg injured in the accident at issue here was refractured in an industrial accident at some later time. Appellant contends that the jury could have inferred that Busco should be held responsible for the second injury. There was no testimony that the second injury was related to the accident which is the subject of this action nor was any issue even inferentially submitted that the negligence of Busco was in any way related to or a causative factor in the second injury. The testimony of the attending physician is clear that his evaluation of the disability of Bills was limited to the first injury. The court instructed that the jury could hold for the plaintiff only in an amount compensatory for the damage proved by the evidence to

have resulted from the negligence of the defendant. The trial court did not commit error in its refusal to give defendant's proffered instruction.

Judgment is affirmed. Costs to respondent.

McQUADE, C. J., and McFADDEN, DONALDSON and BAKES, JJ., concur.